UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

M.A.,

　　　　　　　　Petitioner,

　　　v.

KRISTI NOEM ET AL.,

　　　　　　　　Respondents.

CASE NO. 2:26-cv-00781-JHC

ORDER

This matter comes before the Court on Petitioner M.A.'s Petition for Writ of Habeas Corpus. Dkt. #1. Petitioner argues that he is entitled to habeas relief because "he was abruptly and unlawfully detained by the Department of Homeland Security (DHS) on February 6, 2026," without prior notice or a hearing, in violation of his constitutional rights to due process. *Id*. at 2–3, 10.

After the petition was filed, the Court issued a scheduling order directing Respondents to show cause why a writ of habeas corpus should not be granted. *See* Dkt. # 2. Respondents have failed to do so. *See generally* Dkt. # 7; *see also Grajeda Velazquez v. Wamsley,* 2026 WL 84223, at *3–5 (W.D. Wash. Jan. 12, 2026) (granting habeas relief because the petitioner's re-detention without adequate notice and opportunity to be heard violated his constitutional right to due process); *Del Valle Castillo* v. *Wamsley,* 2025 WL 3524932, at *5–7 (W.D. Wash. Nov. 26,

ORDER - 1

2025) (granting habeas relief to petitioners and rejecting the argument that noncitizens who are arrested while already present in the United States are subject to mandatory detention under § 1225(b)); *P.T* v. *Hermosillo,* 2025 WL 3294988, at *2 n.1, 4 (W.D. Wash. Nov. 26, 2025) (granting habeas relief on due process grounds and concluding that the claimed authority of the government to detain an individual under § 1225(b) does not affect the lawfulness of the petitioner's re-detention).  The Court also notes that Petitioner's potential entitlement to a bond hearing under the *Rodriguez Vazquez* framework has no bearing on the resolution of this petition, as Petitioner seeks habeas relief on due process grounds and does not argue that he is unlawfully detained under the INA.  *See, e.g.*, *Husen v. Noem*, 2026 WL 632365, at *5 (W.D. Wash. Mar. 6, 2026) (ordering release instead of a bond hearing).  Likewise, the fact that Petitioner has a merits hearing scheduled for March 24, 2026 on his asylum claim does not impact the due process analysis, as the outcome of a March 2026 asylum hearing has no bearing on whether Petitioner's re-detention in February 2026 was lawful.

Accordingly, the Court concludes that Petitioner has shown by a preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States" and is therefore entitled to habeas relief.  *See* 28 U.S.C. § 2241(c). It thus,

(1) GRANTS the Petition for Writ of Habeas Corpus (Dkt. # 1).

(2) ORDERS Respondents to release Petitioner from custody within 24 hours on the same conditions of release previously imposed before his arrest in February 2026. Respondents and their respective officers, agents, employees, attorneys, and other persons acting on their behalf are prohibited from re-detaining Petitioner unless and until he is provided with adequate notice and a hearing before an immigration court to determine whether re-detention is appropriate.

//

ORDER - 2

Dated this 24th day of March, 2026.

John H. Chun
United States District Judge

ORDER - 3